IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

*USDC- GREENBELT*
*'26 FEB 17 PM 3:56*

GREGORY B. MYERS,

    Plaintiff,

v.

Case: LKG 26 CV 00649

3073 HORSESHOE DRIVE, LLC,
CARLO F. ZAMPOGNA, solely in his capacity as Trustee of the HORSESHOE LAND TRUST,
HORSESHOE MOTOR DEVELOPERS, LLC,
SMGRA15 LLC,

    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Gregory B. Myers ("Plaintiff" or "Myers"), individually and as assignee of 1712 Property LLC ("1712"), brings this action against Defendants 3073 Horseshoe Drive, LLC ("3073"), Carlo F. Zampogna, solely in his capacity as Trustee of the Horseshoe Land Trust ("Land Trust"), Horseshoe Motor Developers, LLC ("Motors"), and SMGRA15 LLC ("SMGRA15") (with 3073, Land Trust, Motors, and SMGRA15 each being a "Defendant" and collectively, the "Defendants"), and alleges as follows:

### INTRODUCTION

1.     This action arises from an enforceable written commercial real-estate purchase contract under Florida law for all real property and improvements in Collier County, Florida legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property"), for a purchase price of $5,400,000.

2.     Myers accepted seller 3073's counteroffer on February 3, 2022, forming a binding contract. Thereafter, 3073 refused to perform and instead, on or about December 31, 2024, sold a

1

major portion of the contracted Property (approximately 4.78 acres) to Land Trust and its affiliated developer/assignee, Motors, for $5,553,000, leaving 3073 with the remainder of the contracted Property (approximately 5 acres and a 72,000 square-foot building) and collecting substantial rents.

3. The partial conveyance and related actions occurred while Myers was a Chapter 13 debtor in the U.S. Bankruptcy Court for the Middle District of Florida (Case No. 2:21-bk-00123, filed January 28, 2021, dismissed January 20, 2023). Myers' contract rights and equitable interests in the Property constituted "property of the estate" protected by the automatic stay. Defendants acted with notice and, at minimum, willfully violated the stay.

4. Although Defendant 3073 sought stay relief in Case No. 2:21-bk-00123 on or about September 21, 2022, the Bankruptcy Court granted prospective relief only. Defendant 3073 did not obtain retroactive annulment of the stay and did not request retroactive relief. Accordingly, Defendant 3073' earlier acts in violation of the automatic stay remain actionable under 11 U.S.C. § 362(k).

5. Defendants Land Trust, Motors, and SMGRA15 never sought or obtained stay relief in Case No. 2:21-bk-00123.

6. Myers seeks: (a) damages for willful stay violations; (b) specific performance of the entire bargain; (c) a constructive trust/equitable lien over the Property, improvements, proceeds, and rent streams; (d) an accounting; (e) declaratory relief confirming Myers' equitable rights; and (f) narrowly tailored injunctive/preservation relief to prevent dissipation or transfer of the disputed interests and proceeds during litigation.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1334 (bankruptcy jurisdiction) and 11 U.S.C. § 362(k) because Count I seeks damages for willful violation of the automatic stay arising under Title 11 and related to Myers' Chapter 13 case.

8. Additionally, this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Count I arises under federal law (11 U.S.C. § 362(k)).

9. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law contract and equitable claims (Counts II–VI) because they form part of the same case or controversy as the § 362(k) claim.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims—including the creation and assignment of contract rights held by a Maryland limited liability company (1712 Property LLC), and harms and effects of Defendants' conduct on those rights—occurred in and were directed toward Plaintiff and the assignee entity with connections to Maryland; Plaintiff also owns and has owned a home in Maryland for years, including at all relevant times.

## PARTIES

11. Plaintiff Gregory B. Myers is a natural person and a citizen of Florida and maintains a permanent residence in Naples.

12. 1712 Property LLC is a Maryland limited liability company and was the original buyer named in the commercial purchase contract described below.

13. Defendant 3073 Horseshoe Drive, LLC is a Florida limited liability company that owned the Property and and was the seller named in the commercial purchase contract described below.

14. Defendant Carlo F. Zampogna, solely in his capacity as Trustee of the Horseshoe Land Trust, is joined because the Land Trust took title and/or contractual rights in the chain of title to the disputed Property interests and because complete relief requires binding the trust's interests.

15. Defendant Horseshoe Motor Developers, LLC is a Florida limited liability company that is upon information and belief the assignee of Land Trust and acquired and developed the approximately 4.78-acre portion of the Property and pursued financing, construction and development thereon.

16. Defendant SMGRA15 LLC is a Florida limited liability company that provided the construction and other financing secured by a recorded mortgage and related security instruments encumbering the relevant portion of the Property and improvements thereon.

## FACTUAL ALLEGATIONS

### A. Myers' Chapter 13 and the automatic stay

17. Myers filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Florida on January 28, 2021, Case No. 2:21-bk-00123.

18. The filing imposed the automatic stay under 11 U.S.C. § 362(a).

19. Myers' Chapter 13 case was dismissed on January 20, 2023.

### B. The Contract for the Property and acceptance on February 3, 2022

20. On February 2. 2022, 1712 submitted an offer to purchase the Property from 3073 for $5.0M using a written commercial contract form (the "Contract").

21. The Contract identifies the Property by "Parcel # 07040000500" and by legal description: "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property").

22. On February 3, 2022, 3073's owner/principal/manager (Doug Schumann) communicated a counteroffer to Myers, adjusting certain terms, which Myers accepted without modification on February 3, 2022. A binding agreement was formed.

23. Myers and/or 1712 stood ready, willing, and able to perform under the Contract.

## C. Assignment from 1712 to Myers

24. On March 11, 2022, 1712 executed a written assignment transferring all rights, title, and interest in the Contract and the Property purchase rights to Myers (the "Assignment").

25. Myers is the real party in interest to enforce the Contract and seek equitable relief.

## D. Myers' state-court suit and lis pendens recorded March 18, 2022

26. After 3073 refused to perform and withheld due diligence materials required for closing, Myers filed an action in Collier County Circuit Court on or about March 18, 2022 to enforce the Contract.

27. On the same date, Myers recorded a Notice of Lis Pendens in the Collier County Official Records referencing the Contract and the Property (i.e., Parcel # 07040000500), putting subsequent purchasers, lenders, and title actors on record notice of Myers' claimed rights.

28. The lis pendens was recorded on the same day that 3073 executed a separate contract to sell the approximately 4.78-acre portion (i.e., Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7) to Land Trust (described below).

## E. Defendant 3073 Horseshoe Drive, LLC' partial conveyance strategy

29. Despite Myers' enforceable Contract for the entire Property at a fixed price of $5,400,000, 3073 pursued a partial conveyance to Land Trust:

    a. 3073 entered into a separate contract dated March 18, 2022 with the Horseshoe Land Trust, describing a purchase of approximately 4.78 acres (i.e., Collier Park of Commerce Retail Center Tracts 4, 5, 6, and 7) for $5.4M;

    b. Those contract rights were assignable to an entity created to take title;

    c. The assignee/developer entity is Horseshoe Motor Developers, LLC.

30. The Land Trust and Motors proceeded with actual and record notice of Myers' Contract, the pending dispute, and Myers' recorded notices.

31. The Land Trust recorded its own notice in the Collier County Official Records acknowledging the dispute and/or title defect and stating that it proceeded anyway and spent money.

32. The conveyance to Motors was ultimately consummated by recorded deed transferring "Tracts 4, 5, 6, and 7, Collier Park of Commerce Retail Center," while 3073 retained "East Naples Industrial Pk Lots 3 and 4" and the 72,000 square-foot building.

**F. Construction financing and liening of the disputed property interests**

33. Land Trust and/or Motors obtained construction and other financing from SMGRA15 LLC, which recorded a mortgage and related collateral documents encumbering the relevant portion of the Property.

34. SMGRA15 LLC's lien interests were taken with record notice of Myers' prior filings and recorded notices and are subject to adjudication in this action to afford complete relief.

**G. Lots 3 and 4 and the 72,000 square-foot building and rent stream**

35. Based on Collier County records, no deed appears transferring "East Naples Industrial Pk Lots 3 and 4" and the approximately 72,000 square-foot building from 3073; 3073 remains the record owner of that portion of the Property.

36. The building has been leased to a school on a triple-net basis, generating approximately $75,000 per month (approximately $900,000 per year).

37. 3073 has collected (and invested) this rent stream from at least February 2022 to present, while refusing to perform its obligations to Myers under the Contract.

## H. 3073 sought stay relief after conduct occurred; relief granted prospectively only

38. While Myers' Chapter 13 case remained pending, 3073 filed a motion in the Bankruptcy Court for relief and/or determinations regarding the stay.

39. The Bankruptcy Court entered an order granting **prospective** relief from the automatic stay effective from the order date forward and did not grant retroactive relief or annulment.

40. 3073 did not request retroactive annulment of the stay and no retroactive relief was granted.

41. Accordingly, actions taken during the stay period remain actionable and are not cured by later prospective relief.

42. Defendants Land Trust, Motors, and SMGRA15 never sought or obtained stay relief in Case No. 2:21-bk-00123.

## I. The harm

43. Myers bargained for the entire Property at a fixed price of $5.4M. Defendants' conduct has, without limitation:

    a. deprived Myers of the benefit of the bargain;

    b. clouded and diverted the Property into a third-party development;

    c. subjected the Property to construction liens and financing;

    d. allowed 3073 to retain and profit from the building and rent stream; and

    e. forced Myers to incur substantial litigation and bankruptcy-related damages.

## CLAIMS FOR RELIEF

### COUNT I
### WILLFUL VIOLATION OF AUTOMATIC STAY (11 U.S.C. § 362(k))
(Against all Defendants jointly and severally, to the extent they participated in and/or benefited from acts violating the stay)

44. Plaintiff realleges paragraphs 1–43.

45. The automatic stay under 11 U.S.C. § 362(a) was in effect from January 28, 2021 through at least January 20, 2023 (subject to any prospective relief later granted).

46. Myers' rights under the Contract and his equitable interests in the Property constituted "property of the estate," including under 11 U.S.C. §§ 541 and 1306.

47. During the pendency of the stay, Defendants took acts to obtain possession of, exercise control over, or enforce interests against property of the estate and/or to perfect or enforce rights adverse to Myers' protected interests, including (without limitation) entering, assigning, closing, recording, encumbering, and developing the portion of the Property that was the subject of Myers' Contract.

48. Defendants had actual and/or constructive notice of Myers' bankruptcy case and/or of Myers' recorded notices and nonetheless proceeded.

49. Defendants Land Trust, Motors, and SMGRA15 never sought or obtained stay relief in Case No. 2:21-bk-00123.

50. Any later order granting relief from the stay was expressly prospective only and did not annul the stay retroactively; Defendants did not seek retroactive annulment.

51. Defendants' stay violations were willful within the meaning of § 362(k) because Defendants knew of the stay and intended the acts that violated it.

52. As a direct and proximate result, Plaintiff suffered actual damages, including but not limited to attorneys' fees and costs, and is entitled to recover damages and fees under § 362(k), and, where appropriate, punitive damages.

**WHEREFORE**, Plaintiff demands judgment under Count I as set forth in the Prayer for Relief.

## COUNT II
### BREACH OF CONTRACT (Florida law)
(Against Defendant 3073)

53. Plaintiff realleges paragraphs 1–43.

54. The Contract for the Property (i.e., Parcel # 07040000500) at $5.4M is a valid and enforceable contract under Florida law, formed no later than February 3, 2022 upon acceptance of seller 3073's counteroffer.

55. Plaintiff (as assignee) performed or was ready, willing, and able to perform his obligations.

56. 3073 materially breached by refusing to perform, failing to provide required due diligence items, and transferring a portion of the contracted Property to others rather than conveying the Property to Plaintiff as agreed.

57. Plaintiff has been damaged thereby.

**WHEREFORE**, Plaintiff demands judgment under Count II as set forth in the Prayer for Relief.

## COUNT III
### SPECIFIC PERFORMANCE (Entire Property)
(Against 3073 and all holders of interests necessary to effectuate conveyance and bind title)

58. Plaintiff realleges paragraphs 1–43.

59. The Property is unique, and money damages alone are inadequate.

60. Plaintiff has satisfied, or stands ready to satisfy, all conditions precedent to closing, or such conditions were excused by Defendants' breaches.

61. Equity requires specific performance of the Contract as to the entire Property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property"), for a purchase price of $5.4M.

62. To the extent the 4.78-acre portion of the Property has been transferred and encumbered, transferees and lienholders with notice took subject to Plaintiff's equitable interest and must be bound by the decree.

**WHEREFORE**, Plaintiff demands specific performance and related equitable relief as set forth in the Prayer for Relief.

## COUNT IV
### CONSTRUCTIVE TRUST / EQUITABLE LIEN / DISGORGEMENT
(Property + Rents + Proceeds)
(Against all Defendants as appropriate)

63. Plaintiff realleges paragraphs 1–43.

64. Defendants received and retained benefits that in equity and good conscience belong to Plaintiff, including (without limitation):

    a. the transferred 4.78-acre portion of the Property;

    b. proceeds of sale and development;

  c. the retained Lots 3 and 4 and the 72,000 square-foot building and rent stream; and

  d. rents collected from the building since at least February 3, 2022.

65. 3073 has been effectively paid the Contract price through the partial transfer for approximately $5.53M (and/or amounts exceeding the Contract price), yet continues to retain and profit from the remainder of the Property and the rent stream—an inequitable double benefit.

66. Defendants' conduct, notice, and benefit from the transfers support imposition of a constructive trust and/or equitable lien over the Property, improvements, and all traceable proceeds and rents.

67. Plaintiff is entitled to an accounting and disgorgement of rents and other benefits received.

**WHEREFORE**, Plaintiff demands imposition of a constructive trust/equitable lien, an accounting, and disgorgement as set forth in the Prayer for Relief.

## COUNT V
### DECLARATORY RELIEF (28 U.S.C. § 2201)
(Against all Defendants)

68. Plaintiff realleges paragraphs 1–43.

69. An actual controversy exists regarding Plaintiff's rights, including whether Plaintiff holds equitable title and enforceable rights to the Property under the Contract and whether Defendants' interests are subordinate to Plaintiff's equitable rights.

70. Plaintiff seeks a declaration confirming Plaintiff's equitable rights and the subordination (as appropriate) of subsequent interests taken with notice.

**WHEREFORE**, Plaintiff demands declaratory relief as set forth in the Prayer for Relief.

## COUNT VI
### INJUNCTIVE / PRESERVATION RELIEF
(Against all Defendants as appropriate)

71. Plaintiff realleges paragraphs 1–43.

72. Defendants' ongoing conduct threatens irreparable harm, including dissipation of proceeds, further transfers, unit closings, and impairment of the Court's ability to grant effective equitable relief.

73. Plaintiff seeks narrowly tailored injunctive relief to preserve the status quo pending final adjudication, including:

   a. an order requiring an accounting of rents collected from the 72,000-sf building from February 3, 2022 to present and ongoing;

   b. an order requiring preservation of rents and related proceeds (segregation and non-dissipation);

   c. an order preventing Defendants from taking steps to further encumber or transfer disputed interests inconsistent with Plaintiff's claimed equitable title, without further order of the Court; and

   d. an express reservation that Plaintiff may seek deposit into the Court registry if evidence shows dissipation, inability to account, or risk to effective relief.

74. Plaintiff has no adequate remedy at law for these preservation harms.

**WHEREFORE**, Plaintiff demands injunctive/preservation relief as set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment and grant the following relief:

A. On Count I, award Plaintiff actual damages, attorneys' fees, and costs under 11 U.S.C. § 362(k), and punitive damages to the extent permitted;

B. On Count II, award Plaintiff damages for breach of contract and related relief;

C. On Count III, decree specific performance requiring conveyance to Plaintiff of the entire Property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" for a purchase price of $5.4M, and granting all ancillary orders necessary to effectuate transfer and bind interests taken with notice;

D. On Count IV, impose a constructive trust and/or equitable lien over (i) the entire Property and any portion thereof now held by any one or more of the Defendants; (ii) all improvements and developments; (iii) all proceeds, profits, and other benefits derived therefrom; and (iv) all rents and rent-derived proceeds from the 72,000-sf building from February 3, 2022 to present and ongoing; and order an accounting and disgorgement;

E. On Count V, enter declaratory relief confirming Plaintiff's equitable title/rights and declaring the relative priority/subordination of Defendants' interests taken with notice;

F. On Count VI, issue preliminary and permanent preservation relief, including an accounting of rents, preservation/segregation of proceeds, and prevention of dissipation and transfers inconsistent with Plaintiff's rights;

G. Award pre-judgment and post-judgment interest as allowed by law;

H. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net